# IN THE COURT OF APPEALS OF IOWA

No. 23-1902
Filed May 21, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MOISES ERREGUIN-LABRA,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Cerro Gordo County, Christopher C. Foy, Judge.

        Moises Erreguin-Labra appeals his convictions for third-degree sexual abuse and assault causing bodily injury. **AFFIRMED.**

        Stuart Hoover, East Dubuque, Illinois, for appellant.

        Brenna Bird, Attorney General, and Benjamin Parrott, Assistant Attorney General, for appellee.

        Considered without oral argument by Greer, P.J., Sandy, J., and Telleen, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**TELLEEN, Senior Judge.**

Moises Erreguin-Labra appeals his convictions for third-degree sexual abuse and assault causing bodily injury, arguing the district court's response to a report of unauthorized photography biased his jury and denied his right to a fair trial. Because Erreguin-Labra raised no objection to the court's actions at trial, his sole challenge on appeal is not preserved for our review.

On the fourth day of trial, a juror passed a note to the court attendant advising that someone in the gallery appeared to be using a cellphone to take photos of the jury. During a break in testimony, the district court acknowledged the jury's concern and admonished observers against unauthorized phone use. Later, outside the presence of the jury, the court explained that the suspected photographer was Uriel Erreguin-Labra—the defendant's brother—who had remained in the courtroom after testifying for the defense. At the court's request, Uriel turned over his phone, which was inspected by an attorney. It contained no photographs of the courtroom. Uriel informed the court that he had been using his phone to check the time and look for pictures that were relevant to his testimony.

Based on the inspection and Uriel's statements, the court proposed the following course of action:

> What I intend to do . . . [is] just advise the jury, when they report back, that the Court looked into the concerns that had been raised and while the Court can't guarantee there were no photographs taken of jurors, the Court is satisfied that there haven't been. And so that

there should be no further reason for them to be concerned, the jurors to be concerned about that.

The court asked Erreguin-Labra's counsel whether he wished to make any further record or if there was "anything further that you think the court should do?" Counsel responded, "I think the Court did what should be done."

When the jury returned from its noon recess, the district court delivered the agreed-upon update:

> Jury, thank you for your patience. I wanted to give you a quick report on what actions the Court took in response to the concerns that some jurors raised about one of the witnesses appearing to use his cellphone this morning, perhaps to take photographs or to video people within the courtroom or, specifically, jurors.
> The Court directed this witness—it was Uriel Erreguin-Labra. I asked him to turn over his phone so that it could be inspected. He cooperated. I will say that throughout the time I was dealing with this young man, he didn't appear to be wanting to, you know, violate any rules of protocol or what have you. He was cooperative.
> We didn't have an expert in smart phone examination readily available, but another attorney in the County Attorney's Office, not one of the attorneys here, came in and searched the phone. Searched various locations where photographs or videos might be stored, might be deleted. And all of the locations that were searched did not reveal anything.
> And the Court explained to this young man why cellphone use and use of photography in the courtroom is not allowed, . . . and he provided his explanation of what he was doing. I'm not going to go into it at this point. His explanation was consistent with his behavior and with where we were in the proceedings. So the bottom line is, folks, while I can't guarantee that no photograph was taken, my opinion is that none were.

Defense counsel then proceeded to call Erreguin-Labra's next witness, raising no objection to the court's statements. The jury returned a verdict finding Erreguin-Labra guilty of third-degree sexual abuse and assault causing bodily injury.[1]

---

[1] The jury acquitted Erreguin-Labra of a third felony charge.

Erreguin-Labra now contends the district court's "unnecessary and unprompted identification" of the suspected photographer "created a possible bias" toward a defense witness. He argues the court had a duty—with or without motion—to "order a hearing and/or poll jurors into the possibility of bias as a result of the identification." Yet, Erreguin-Labra points to no authority suggesting it was the court's responsibility to detect and investigate such a bias, nor are we aware of any. *See State v. Liggins*, 978 N.W.2d 406, 416 (Iowa 2022) (explaining that, in the absence of a party request, "the district court may—but is not required to— hold a hearing" to investigate suspected jury bias).

As a general rule, it is incumbent upon the defendant to raise a timely objection when the court's remarks or other trial irregularities raise concerns of jury bias. *State v. Windsor*, 316 N.W.2d 684, 688 (Iowa 1982) (finding a defendant's judicial bias challenge was not preserved for review where the defendant failed to timely object); *see also State v. Webster*, 865 N.W.2d 223, 237 (Iowa 2015) ("We have held that a party who fails to avail himself or herself of procedures for identifying bias waives later challenges for juror impartiality."); *Taft v. Iowa Dist. Ct.*, 828 N.W.2d 309, 322 (Iowa 2013) ("Even issues implicating constitutional rights must be presented to and ruled upon by the district court in order to preserve error for appeal."). Because Erreguin-Labra raised no objection to the district court's statements regarding the inspection of the cellphone, he failed to preserve

any error for our review.[2]  We therefore affirm his convictions without reaching the merits.

**AFFIRMED.**

---

[2] To the extent Erreguin-Labra contends he preserved error by filing a post-trial motion under Iowa Rule of Criminal Procedure 2.24, we disagree.  A motion for new trial cannot revive a claim of error that was waived at trial.  *See State v. Pirie*, 18 N.W.3d. 238, 247 (Iowa 2025).  And even if it could, Erreguin-Labra's motion—which generally asserts "the defendant did not receive a fair and impartial trial"—did not provide the district court a sufficient opportunity to address the error he raises on appeal.